IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIE A. FRANCIA,

    Plaintiff,

v.                                                                                                            No. 2:20-cv-00785-KK

N.M. WORKFORCE SOLUTIONS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND**
**TO SHOW CAUSE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed August 4, 2020 ("Complaint") and Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. 3, filed August 4, 2020 ("Application").

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's total monthly income is $194.00; (ii) Plaintiff's monthly expenses total $1,494.00; and (iii) Plaintiff has no cash and no money in bank accounts.  The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating he is unable to pay the costs of these proceedings and because her monthly expenses exceed her low monthly income.

**The Complaint**

Plaintiff filed for unemployment benefits after she was terminated from the Albuquerque Police Department.  *See* Complaint at 2.  After a hearing and administrative appeal, Defendant Workforce Solutions denied Plaintiff's application for unemployment benefits.  *See* Complaint at 2.  Plaintiff alleges that the denial of unemployment benefits resulted in part from her resignation from her part-time employment with St. Anthony's Home Health Care, LLC.[1]  *See* Complaint at 2, 5.  Plaintiff appealed the denial of unemployment benefits in state district court.  *See* Complaint at 5.  State-court records show that the state court entered a "Judgment/Decision on Administrative

---

[1] It appears from the wording of the Complaint that St. Anthony's Home Health Care, LLC is a defendant in this case.  *See* Complaint at 1 (identifying St. Anthony's Home Health Care as a defendant).  However, when Plaintiff filed the Complaint in person, she informed Clerk's Office staff that she is not asserting any claims against St. Anthony's Home Health Care, LLC.

2

Appeal" "Affirming the Decision of the Secretary of the Department of Workforce Solutions" on March 11, 2020.  *See Francia v. NM Department of Workforce Solutions*, No. D-202-CV-201908694 (N.M. 2d Dist. 2019).

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 for alleged violations of her 1st, 6th, 7th and 14th Amendment rights, and pursuant to the Americans with Disabilities Act.  *See* Complaint at 2, 7-8.  Plaintiff states she wishes to waive all monetary benefits from her part-time position with St. Anthony's Home Health Care, LLC, so that she can receive unemployment benefits from the Albuquerque Police Department.  *See* Complaint at 5.

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 for alleged violations of her 1st ("right to petition the government for redress""), 6th ("right to properly call and question witnesses … full and fair hearing"), 7th ("value in controversy") and 14th Amendment ("due process and equal protection") rights.  Complaint at 7-8.  Plaintiff states that she was deprived of those rights as a consequence of Plaintiff's "limited knowledge of the law," Plaintiff "not having the required requisite of the law as a trained attorney," Plaintiff's "employment with St. Anthony's Home Health Care," and Plaintiff's "lack of proper knowledge of procedure and inability to traverse the complexities of the law."  Complaint at 7-8.  There are no allegations that Defendant Workforce Solutions deprived Plaintiff of any constitutional rights.  Furthermore, it appears that Plaintiff's claims for relief, seeking unemployment benefits from the Albuquerque Police Department after the state district court affirmed the decision of the Secretary of Defendant Workforce Solutions, are barred by the *Rooker-Feldman* doctrine which:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would

necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019).

The Complaint fails to state a claim pursuant to Title I of the Americans with Disabilities Act ("ADA") which provides: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). There are no allegations that Plaintiff is a qualified individual under the ADA or that Defendant discriminated against Plaintiff on the basis of her disability.

**Proceeding** *in forma pauperis*

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim ... only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend"). While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Complaint fails to state a claim upon which relief may be

granted.  The Court will order service if: (i) Plaintiff shows cause why the Court should not dismiss this case as barred by the *Rooker-Feldman* doctrine and for failure to state a claim, or files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. 3, filed August 4, 2020, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order, either show cause why the Court should not dismiss this case pursuant to the *Rooker-Feldman* doctrine and for failure to state a claim, or file an amended complaint.  Failure to timely show cause or file an amended complaint may result in dismissal of this case.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**