IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIE A. FRANCIA,

    Plaintiff,

v.                                                                                                   No. 1:20-cv-00785-RB-KK

N.M. WORKFORCE SOLUTIONS,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Amended Complaint, filed October 15, 2020. (Doc. 11.)

Plaintiff's employment with the Albuquerque Police Department terminated on July 9, 2019, after over 14 years of employment. (*See id.* at 6 (Order of 2nd Judicial District Court affirming Defendant's denial of unemployment benefits). Plaintiff's employment with St. Anthony's Home Healthcare LLC ("St. Anthony's") terminated on August 2, 2019, after almost two years of employment. (*See id.*) Plaintiff filed for unemployment benefits. (*See* Doc. 1 at 2.) Defendant Workforce Solutions denied Plaintiff unemployment benefits because she voluntarily terminated her employment with St. Anthony's. Plaintiff appealed to state district court which affirmed Defendant Workforce Solutions' denial of benefits. Plaintiff then filed the Complaint in this case asserting civil rights violations and seeking unemployment benefits.

The Court notified Plaintiff that the *Rooker-Feldman* doctrine bars federal courts from hearing cases where the relief requested would undo the state court's judgment and ordered Plaintiff to either file an amended complaint or show cause why this case should not be dismissed as barred by the *Rooker-Feldman* doctrine. (*See* Doc. 5.)

In her response to the Order to Show Cause, Plaintiff argued that:

the issue presented in this case is an issue never argued or ruled on by the lower [sic] court. Plaintiff is not attempting to overturn the State Court rather Plaintiff is merely excerting [sic] her Due Process right involving her claim to unemployment benefits from the Albuquerque Police Department being illegally denied Plaintiff by New Mexico Workforce Solutions.

(Doc. 9 at 2.)

Because Plaintiff's Response appeared to contradict the factual allegations in her Complaint, the Court ordered Plaintiff to file an amended complaint which clearly describes Defendant's denial of unemployment benefits, the issues before the state district court, and the state district court's rulings. (*See* Doc. 10 (ordering Plaintiff to submit a copy of the following with the amended complaint: (i) the decisions by Defendant Workforce Solutions denying benefits; (ii) Plaintiff's appeal filed in state district court; and (iii) the state court's Memorandum Opinion Affirming the Decision of the Secretary of the Department of Workforce Solutions).)

The Amended Complaint indicates that Plaintiff believes Defendant improperly denied her unemployment benefits "by only looking at her part time employment [with St. Anthony's] rather than just concentrating on" her employment with the Albuquerque Police Department. (Doc. 11 at 3.) "Plaintiff only seeks to obtain her unemployment benefits" relating to her employment with the Albuquerque Police Department. (*Id.* at 2.)

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 at *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the

apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988)).

The Court does not have jurisdiction over this matter. Both Plaintiff and Defendant are citizens of New Mexico. (*See* Doc. 1 at 1 (indicating that Plaintiff resides in New Mexico).) Consequently, there is no properly alleged diversity jurisdiction. *See Dutcher*, 733 F.3d at 987 (10th Cir. 2013) ("a party must show that complete diversity of citizenship exists between the adverse parties . . . . Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant"). Nor is there any properly alleged federal question jurisdiction because there are no allegations that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The Court dismisses the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE